IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                           )<br>                          Plaintiff,    )<br>                                                           )<br>vs.                                                     )<br>                                                           )<br>                                                           )<br>SHANNON B. JACKSON, et al,   )<br>                                                           )<br>                          Defendant.  ) | 8:09CR272 |

**BRIEF IN SUPPORT OF**
**SHANNON B. JACKSON'S MOTION IN LIMINE**

After the attempted robbery of the First National Bank (FNB) in Bellevue, two tasers and one BB gun were located at or near the scene by law enforcement.

Mr. Mark Root was the security guard on duty during the attempted FNB robbery. It is anticipated that Mr. Root will not only be called as a fact witness of the events of the attempted robbery, but will also be asked questions in an expert capacity whether or not a firearm was brandished therein.

After his arrest on March 13, 2009, Mr. Jackson made numerous personal calls to his fiancé and an acquaintance. It is anticipated that the recordings maintained by Evercom, a private for-profit company, and subsequently obtained by law enforcement without a warrant from the Sarpy County Law Enforcement Center will be used as evidence against Mr. Jackson on Counts I, II, and III.

**ARGUMENT**
**Counts I, II and III**

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  18 U.S.C. § 921 (a)(3)(A).  Neither a BB gun nor a taser is a firearm within the meaning of this definition.  These items were found near the scene of the FNB

attempted robbery. Accordingly, the Plaintiff should be prohibited for referring to or alluding to any firearm being used or brandished at FNB.

It is evident and likely that the attempted robbers of the bank used a BB gun and tasers. To attempt to qualify the security guard as an expert and to provide testimony that the BB gun was a firearm is unduly prejudicial to the defense and should be excluded.

Telephone conversations are wire communications (18 U.S.C. § 2703) and Title I of the Electronic Communications Privacy Act of 1986, Pub. L. No. 99-508, Title I, 100 Stat. 1851 ("Title I")1, regulates the interception of wire, oral and electronic communications. 18 U.S.C. § 2510-22 (2000). *Deal v. Spears*, 980 F.2d 1153, 1157 (8th Cir. 1992) holds as matter of law that consent could not be inferred where the interceptors told the party to the conversation that they *might* monitor the phone, but not that they were in fact doing so. *Deals v. Spears, id*. is cited as controlling law in *United States v. Corona-Chavez*, 328 F.3d 974 (8th Cir. 2003). Consent may be express or implied, but in either case, there must be actual consent. *Deal v. Spears*, 980 F.2d 1153, 1157 (8th Cir. 1992); *United States v. Corona-Chavez*, 328 F.3d 974, 976 (8th Cir. 2003). The said telephone conversations were obtained in violation of law and should be excluded. Moreover, the said calls are irrelevant, and/or any probative value is substantially outweighed by unfair prejudice.

### Counts IV and V

Mr. Jackson is also charged with bank robbery and brandishing a firearm in Counts IV and V. There is no credible proof that the "gun" displayed in the surveillance video of the TierOne Bank was in fact a firearm as defined by 18 U.S.C. § 921 (a)(3)(A). Accordingly, any reference to a firearm being brandished in relation to Counts IV and V should be prohibited.

SHANNON B. JACKSON,
Defendant,

By: s/ Mark W. Bubak_____
       MARK W. BUBAK (17262)

- 3 -

                                                ATTORNEY AT LAW
                                                1216 N 101st Circle
                                                Omaha NE 68114
                                                (402) 934-9250
                                                Attorney for Defendant

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on April 8, 2010, caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system which sent notification of such filing to the following participants(s): Michael Norris, Assistant U.S. Attorney.  The following non-CM/ECF participants were notified:  NONE

                                                <u>s/ Mark W. Bubak</u>
                                                MARK W. BUBAK (17262)
                                                ATTORNEY AT LAW
                                                1216 N 101st Circle
                                                Omaha NE 68114
                                                (402) 934-9250
                                                Attorney for Defendant
                                                Shannon B. Jackson