IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHANNON B. JACKSON, <br><br> Defendant. | **8:09CR272** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion to vacate judgment and conviction under 28 U.S.C. § 2255, Filing No. 248, amended motion to vacate, Filing No. 254, and motion for status, Filing No. 255.[1]  The defendant was convicted, pursuant to a plea agreement, of attempted bank robbery and was sentenced to 120 months' imprisonment.  Filing No. 189, Plea agreement; Filing No. 214, Judgment.

**I.  PROCEDURAL HISTORY**

In the plea agreement, the defendant agreed to plead guilty to Count II of the Indictment, which charged a violation of 18 U.S.C. § 2113(a) and (d).  Filing No. 189, Plea Agreement; Filing No. 11, Indictment.  A violation of subsection (a)—bank robbery by force or intimidation—carries a maximum sentence of 20 years.  *See* 18 U.S.C. § 2113(a).  A violation of subsection (d)—assault during a bank robbery—carries a maximum sentence of 25 years.  *See* 18 U.S.C. § 2113(d).  The United States agreed to dismiss Counts I and III of the Indictment.  *Id.*  Count I charged the defendant with conspiracy to commit bank robbery by force or intimidation and Count III charged the

---

[1] In his motion for status, the defendant asks when he can expect a ruling on his motion.  The court's disposition renders the request moot.

defendant with brandishing a firearm during and in relation to a crime of violence.[2] Filing No. 11, Indictment at 1, 3. The conspiracy charge carries the same penalty as the bank robbery charged in Count I and Count III carries a mandatory minimum sentence of 7 years, consecutive to that imposed for the underlying crime of violence. 18 U.S.C. § 371; 18 U.S.C. § 924(c)(1)(A)(ii).

The defendant reserved the right to challenge the court's denial of his motion to dismiss based on a speedy trial violation. Filing No. 189, Plea Agreement at 1. He later appealed the denial of the motion to dismiss. Filing No. 212, Notice of Appeal. The Eighth Circuit Court of Appeals summarily affirmed the district court. Filing No. 235, Opinion; Filing No. 236, Judgment. The defendant timely filed his motion under 2255. Filing No. 248.

In his original motion, the defendant asserts that the court lacks jurisdiction because the United States never filed a "Writ of Habeas Corpus ad prosequendum ("WHCAP")" and the Nebraska Attorney General never "agree[d] to have one of its citizens removed from its jurisdiction to federal jurisdiction." Filing No. 248, Petitioner's Emergency Motion for Vacatur of Judgment and Conviction at 1. He contends he was in state custody "[w]hen the U.S. Marshals removed petitioner to Federal jurisdiction, he was handcuffed, shackled, and forcibly removed against his will from state jurisdiction while a State Criminal process was pending without a WHCAP, petitioner in effect, was kidnapped, forced to appear in federal jurisdiction before a magistrate for de facto

---

[2] Counts IV and V of the Indictment were dismissed without prejudice on the motion of the government. Filing No. 142. Those counts related to the robbery of another bank on October 30, 2008. Filing No. 11, Indictment at 4.

hearings and proper jurisdiction was not obtained hence, the hearings are void." *Id*. at 3.

In his amended motion to vacate, he raises a challenge under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and also challenges the court's calculation of his Guidelines sentence.  Filing No. 254, Amended Motion at 1.  He asserts that the application of two enhancements to his sentence are in violation of the Constitution in that "[n]either physically restrained or the alleged crime of conspiracy were admitted by petitioner nor found by a jury or proved to a jury beyond reasonable doubt." *Id*. at 3.  Further, he argues that the facts he admitted in his guilty plea establish that his base offense level should have been 28 rather than 32.  *Id*. at 4-5; see Filing No. 205, Revised Presentence Investigation Report ("PSR") (sealed) at 13-15 (Guidelines calculation).

## II.  FACTS

The court's review of the record shows that the defendant was arrested by a Sarpy County Sheriff on March 13, 2009, and brought to Sarpy County jail where he remained until he posted bond on March 21, 2009.  See Filing No. 205, PSR at 1, 9.  He was charged in state court with attempt of a class1C/1D/2 felony, use of a deadly weapon to commit a felony, and second degree assault.  *Id.* at 20.  Those charges were dismissed on July 22, 2009.  *Id.*  He was again arrested on related state charges on April 17, 2009.  Filing No. 205, PSR at 1.  On May 7, 2009, a Criminal Complaint was filed in the District of Nebraska charging Jackson and a co-defendant with bank robbery by force or intimidation.  *Id.* at 3.  The defendant was arrested on a federal warrant on July 8, 2009.  *Id.*; Filing No. 10, Arrest warrant returned executed.  The government

issued a detainer on May 7, 2009.  *See* Filing No. 220, Transcript of Motion to Dismiss Hearing at 18.  The defendant made his initial appearance on the complaint before United States Magistrate Judge F. A. Gossett on July 14, 2009, and was thereafter remanded to the custody of the U.S. Marshal's Service.  Filing No. 205; PSR at 3; Filing No. 6, minute entry; Filing No. 9, Order of detention; Filing No. 8, audio file.  A notice to unseal the complaint was filed on July 13, 2009, indicating that both defendants had been arrested.  Filing No. 4.  The Indictment in this case was filed on July 22, 2009.

On June 30, 2010, the defendant entered a conditional plea of guilty to Count II of the Indictment—attempted bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Under 18 U.S.C. § 2113(d) the statutory maximum for the crime of bank robbery by force or intimidation is increased to twenty-five years, from the twenty-year maximum for bank robbery by force or intimidation, if the crime involves an assault.  18 U.S.C. § 2113(d).  At the plea colloquy, the defendant was informed that an essential element of the crime charged in Court II was "that in the commission of this robbery you assaulted and put in jeopardy the lives of a security guard and a teller by using a Taser and assaulting the security guard and brandishing a firearm."  Filing No. 229, Transcript of Guilty Plea Hearing at 5.  He was also informed that the maximum penalty he faced was twenty-five years.  *Id.* at 7.

The defendant understood that the Sentencing Guidelines calculation would likely be a base offense level of 30 without an adjustment for acceptance of responsibility, and an offense level of 27 with the adjustment.  *Id.* at 8-9.  At criminal history category II, the calculation would result in a sentencing range of 78 to 97 months if the acceptance-of-responsibility adjustment were applied, and 108 to 135 months if it

4

were not. *Id.* An addendum to the plea agreement reflects the parties' agreement on the possible Guidelines enhancements. Filing No. 189, Plea Agreement at 5-6 (Addendum); Filing No. 229, Transcript of Plea Hearing at 11-13. The addendum was discussed extensively at the plea hearing. *Id.* at 11-13. The defendant indicated that he had read and understood the agreement and addendum. *Id.* at 13.

The parties and the court also discussed the fact that the government reserved its right to seek an enhancement for obstruction of justice. *Id.* at 14. The following colloquy ensued:

> THE COURT:  So, Mr. Jackson, you understand that under the terms of this plea agreement, all of the enhancements that Mr. Norris mentioned are open for discussion at the time of sentencing. Do you understand that?
> THE DEFENDANT: Yes, but -- as far as, like what do you mean, obstruction part? What do you mean?
> THE COURT: I think, Mr. Norris, why don't you outline the argument anyway.
> MR. NORRIS:  The argument would go along these lines.  You can receive an obstruction if you've done something from the point of the robbery up until the time of even entering a plea of guilty that would lead to hinder justice, to obstruct justice in any way. What we will be -- if we pursue this, chances are we will, if we pursue this it will be based on the telephone calls. I don't have anything else that I'm relying on, other than the telephone calls, as far as obstruction of justice. I'm not aware of any intimidation of witnesses or anything of that nature. So it relies solely on the telephone calls and how the court will interpret those telephone calls.
> THE COURT:  What is going to happen, Mr. Jackson, is the probation office will get the police reports and then the question will be whether there was a telephone call between you and I think -- Mr. McCroy?
> MR. NORRIS:  No, the telephone calls were between him and Mr. Reeves.
> THE COURT:  About getting rid of some evidence allegedly.  And the argument will be that that is trying to obstruct justice by trying to hide evidence. And then there will be a hearing on that issue and then I will have to make a decision whether that's obstruction of justice. If I decide that it's obstruction of justice, then the question is whether you can get acceptance of responsibility, the full three points. And then your lawyer will be able to argue that you've accepted responsibility because you pled

5

>    guilty and you should get some level of acceptance of responsibility. And then it will be up to the government whether they want to give the third point or not. So that will all be in play at the sentencing hearing. Do you understand that?
>    THE DEFENDANT: Yes. From previous talks before, I thought that the three points was going to be given to me.
>    THE COURT: Well, the answer to that is if there was some previous talks about that, the answer is that's up in the air. That's on the table. In other words, there is no guarantee under these plea agreements that you are going to get the three points.
>    THE DEFENDANT: I thought that was going to be part of the agreement, though.
>    THE COURT: It's not. So the issue is whether -- you may still get the three points, but the government is not agreeing to the three points. Do you understand that?
>    THE DEFENDANT: Yes, but like I said, at one point in time I was told that they would give me the three points.
>    THE COURT: If you pled guilty?
>    THE DEFENDANT: Right.
>    THE COURT: Well, that's not the deal. So you have to decide whether you want to go forward or not. Do you want some time to think about it?
>    THE DEFENDANT: Please.

*Id.* at 14-17. At that point, the court called a recess. *Id.* at 18. After again consulting with his attorney, the defendant stated that he wished to enter a plea of guilty. *Id.* at 18. The government also clarified the agreement, stating on the record that:

>    The question was whether or not we would be pursuing obstruction and whether he would be entitled. What has been indicated to him is that if he gets acceptance, we would give him the third level under the Finney Amendment. If he ends up getting acceptance, we are not withholding the third level. We are suggesting he doesn't get it in the first place.

*Id.* at 18-19. With that clarification, the defendant again stated that he wished to enter a plea of guilty to the charge. *Id.* at 19. The court accepted the defendant's conditional plea and ordered the Probation Office to prepare a presentence investigation report. *Id.* at 30.

6

In the PSR, the Probation Office found the defendant's total offense level was 29, after an adjustment for acceptance of responsibility. At sentencing, the defendant objected to a four-level enhancement for use of a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(D), a two-level enhancement for bodily injury under U.S.S.G. § 2B3.1(b)(3)(A), a two-level enhancement for physical restraint under U.S.S.G. § 2B3.1(b)(4)(B) and a two-level enhancement for obstruction of justice under U.S.S.G. 3C1.1(A).[3]  Filing No. 200, Defendant's Objection to PSR. The defendant argued, as a matter of law, that a Taser does not qualify as a dangerous weapon and that applying both the enhancement for physical restraint and for bodily injury would constituted double counting. Filing No. 231, Transcript of Sentencing Hearing ("Sent. Tr.") at 20. The United States objected to an adjustment for acceptance of responsibility. Filing No. 201, Government's Statement Regarding PSR. The government argued for a sentence of twelve years. Filing No. 203, Government's Brief at 4. It requested an upward variance from the Guidelines-recommended sentence. Filing No. 231, Sent. Tr. at 39.

The court overruled the defendant's objections to the obstruction of justice enhancement, the use of a dangerous weapon enhancement, the physical restraint enhancement and the bodily injury enhancement. Filing No. 231, Sent. Tr. at 16, 23-24. The court also overruled the government's objection to a three-level reduction for acceptance of responsibility. *Id.* at 17. It also overruled the government's motion for an upward variance. *Id.* at 49. The court determined that the defendant's base offense level was 20, plus 2 for robbery of a financial institution, plus 4 for the use of a

---

[3] The defendant did not object to a two-level enhancement for robbery of a financial institution under U.S.S.G. § 2B3.1(b)(2)(D).

7

dangerous weapon, plus 2 for a victim who sustained bodily injury, plus 2 because the victims were restrained, plus 2 for obstruction of justice, minus 3 for acceptance of responsibility, resulting in a total offense level of 29. *Id.* at 34. At criminal history category II, the court determined the defendant's sentencing range of imprisonment was 97 to 121 months. *Id.* at 35.

Applying the factors listed in 18 U.S.C. § 3553, the court found that a sentence of 120 months was appropriate because "it was a very well thought out robbery and was very dangerous and was very traumatic to the individuals that were involved," noting that "[t]he robbery was an invasion that was an attempt to control and terrorize the bank tellers so that they would provide more money than the average bank robber gets whenever a bank robber walks in and pulls a gun or even gives a note to a teller." *Id.* at 49-50.

### III. LAW

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *see also United States v. Vann*, 207 F. Supp. 108, 111 (E.D.N.Y. 1962) ("The controlling factor in determining the

power to proceed as between two contesting sovereigns is the actual physical custody of the accused."). Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. *Cole*, 416 F.3d at 897. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail, (2) dismissal of charges, (3) parole, or (4) expiration of sentence. *Id.*

Producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody. *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991); *Cole,* 416 F.3d at 896-97 (noting that "[i]f, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."). Issuance of a writ of habeas corpus ad prosequendum, which is used to obtain custody of a defendant so that he can be prosecuted in the proper jurisdiction, does not alter a defendant's custody status, but merely constitutes a temporary change in the location of his custody. *Munz v. Michael*, 28 F.3d 795, 798 & n. 3 (8th Cir. 1994); *Jake v. Herschberger*, 173 F.3d 1059, 1062 n. 1 (7th Cir. 1999)*,* stating that a federal writ of *habeas corpus ad prosequendum* enables a federal authority to take temporary custody of a prisoner, without acquiring jurisdiction, for indictment, prosecution, and sentencing of the prisoner.

In *Apprendi v. New Jersey*, the Supreme Court held "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In *Blakely v. Washington*, the Supreme Court held that a court cannot enhance a sentence beyond the statutory

9

maximum based on judicial findings that were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. *Blakely v. Washington,* 542 U.S. 296, 303-04 (2004). In *United States v. Booker*, "the Supreme Court extended *Blakely's* holding to the federal sentencing guidelines, holding that they run 'afoul of the Sixth Amendment insofar as the scheme [is] based on certain facts found by the sentencing judge' and requires the judge 'to impose a more severe sentence than could have been imposed based on facts found by the jury or admitted by the defendant.'" *United States v. Idriss*, 436 F.3d 946, 950 (8th Cir. 2006) (quoting *United States v. Marcussen*, 403 F.3d 982, 983 (8th Cir. 2005)); *see Booker*, 543 U.S. 220, 233 (2005).

A district court may, however, enhance a defendant's sentence based on its own fact findings so long as the district court recognizes the guidelines scheme to be merely advisory and does not enhance the sentence beyond the statutory maximum. *See id.* In *Alleyne*, the Supreme Court extended *Apprendi* and held any fact which increases the mandatory minimum sentence to which a defendant is exposed is an "element" of the crime and must be submitted to the jury. *Alleyne*, 133 S. Ct. at 2155. "Application of a statutory maximum or minimum are to be distinguished from 'factfinding used to guide judicial discretion in selecting punishment within limits fixed by law.'" *United States v. Davis*, 2014 WL 2609715 * 1 (June 12, 2014) (quoting *Alleyne*, 133 S. Ct. at 2161 n.2) (internal quotation marks and citations omitted)). "While such findings of facts may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern the element of sentencing." *Alleyne*, 133 S. Ct. at 2161 n.2.

10

## IV. DISCUSSION

The court has conducted an initial review of the defendant's motion to determine whether the defendant's claims, when liberally construed, are potentially cognizable in federal court. Upon review of the record, the court finds they are not.

Defendant's contention that this court lacks jurisdiction are without merit. Bank robbery is a federal crime. 18 U.S.C. § 2113. The defendant's argument regarding the necessity for a writ of *habeas corpus ad prosequendum* is misplaced. The defendant was arrested pursuant to a valid federal warrant. That warrant was issued in connection with a complaint supported by the affidavit of a Federal Bureau of Investigation Special Agent. The defendant was subsequently indicted by a federal grand jury. The record shows he had been apprehended and was being held on state charges. Accordingly, a federal detainer was filed. The state court thereafter relinquished jurisdiction by dismissing the state charges. Because the defendant was taken from state custody pursuant to an arrest warrant, there was no need for a writ.

Further, the court finds that *Alleyne* has no application to this case. The court's determination that the enhancements at issue were applicable herein neither increased the penalty beyond the statutory maximum, nor increased the mandatory minimum sentence. The defendant's maximum sentence was increased from twenty to twenty-five years based on a fact—an assault committed in connection with a bank robbery—that was charged in the indictment, and admitted by the defendant. The record shows that this court recognized the Sentencing Guidelines scheme to be merely advisory and did not enhance the sentence beyond the statutory maximum. The charge that would have imposed a mandatory minimum consecutive sentence of seven years—

11

brandishing a firearm during and in relation to a crime of violence—was dismissed pursuant to the plea agreement. It was entirely proper for the court to consider, as advisory, the Guidelines' two-level use of a dangerous weapon enhancement. Similarly, the defendant had admitted to the facts of the assault and enhancements for bodily injury and physical restraint were proper. The defendant's sentence is far below the statutory maximum for either 18 U.S.C. § 2113(a) or 18 U.S.C. § 2113(d) violations.

Further, the record shows no procedural error in the defendant's Guidelines calculation. From the outset, the parties contemplated a sentencing range between 78 and 135 months, depending on the resolution of disputed enhancements. The defendant entered a plea of guilty knowing he could be sentenced to up to 135 months. Evidence in the record supports the court's findings that a dangerous weapon was used, that the crime involved physical restraint and bodily injury, and that the defendant obstructed justice.

On initial review, the court finds that it plainly appears that the defendant is entitled to no relief, and the petition should be summarily dismissed. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is appropriate.

2. The defendant's motion to vacate judgment and conviction under 28 U.S.C. § 2255 (Filing No. 248) and amended motion to vacate (Filing No. 254) are denied.

3. The defendant's motion for status (Filing No. 255) is denied.

4. This action is dismissed.

5. A judgment of dismissal will be entered this date.

DATED this 27th day of June, 2014.

                                          BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          United States District Judge