IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SHANNON B. JACKSON,

    Defendant.

8:09CR272

MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion for reconsideration, Filing No. 258; defendant's Notice of Appeal, Filing No. 259; and the Clerk of Court's in forma pauperis (IFP) memo, Filing No. 260.

Following the dismissal of his motion to vacate judgment and conviction under 28 U.S.C. § 2255, Filing No. 256, Memorandum and Order, Filing No. 257, Judgment, the defendant filed what was in effect a timely motion for postjudgment relief under Rule 59(e) of the Federal Rules of Civil Procedure. Filing No. 258. Before that motion was ruled on, he filed a notice of appeal. Filing No. 259. The Clerk of Court thereafter filed a memorandum seeking the court's guidance on the defendant's in forma pauperis status and the issuance of a certificate of appealability. Filing No. 260.

I. LAW

"The courts of appeal . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." See 28 U.S.C. § 1291. Generally, "'[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal.'" *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir.

1999). However, "a district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." *Id.* at 1107 n. 3.

Under Fed. R. App. P. 4(a)(4)(A), if a party timely files a Rule 59 motion for a new trial or to alter or amend the judgment, the time to file the appeal runs from the entry of the order disposing of such motion. *United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995); see *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (citation to quoted case omitted)).

The Federal Rules of Appellate Procedure also provide:

> If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)-- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(1)(B)(i). The notice of appeal effectively lies dormant until the court rules on the pending motion. See *Stebbins v. Stebbins*, 541 Fed. App'x 718, 719 (8th Cir. 2013).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900-01 (8th Cir. 2001). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)"). Under the Federal Rules of Appellate Procedure, in a 28 U.S.C. § 2255 proceeding, "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009); *Cox v. Norris*, 133 F.3d 565, 569 and n.2 (8th Cir. 1997) (applying AEDPA's standards and stating, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings.").

Under the Federal Rules of Appellate Procedure, a party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) (stating "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "Good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to

3

sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose [has] any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). A lack of good faith is not shown by the mere fact that the appeal lacks merit but that the issues raised are so frivolous that the appeal would be dismissed if the case was that of a nonindigent litigant. *Coppedge v. United States*, 369 U.S. 438, 447 (1962); *see also Lee*, 209 F.3d at 1026 (adopting *Coppedge* standard, post-PLRA).

  II.  DISCUSSION

In denying the defendant's Section 2255 motion, the court found that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), had no application to this case. The defendant again raises an *Alleyne* challenge to his sentence in his motion to reconsider. The court has considered the defendant's arguments and finds the motion should be denied.

Upon review of the record, the court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right and has not demonstrated that the issues are debatable among jurists of reason or that a court could resolve the issues in a different manner or that the questions are deserve encouragement to proceed further. Accordingly, the court finds that no certificate of appealability should issue.

The court finds, however, that there has been no showing that the defendant's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915, and the court will not so certify. Accordingly

  IT IS ORDERED:

  1.  Defendant's motion for reconsideration (Filing No. 258) is denied.
  2.  The defendant is entitled to proceed IFP on appeal.
  3.  No certificate of appealability will issue.

4

4.  The clerk of court is directed to process the defendant's notice of appeal.

Dated this 22nd day of August, 2014.

>    BY THE COURT:
>
>    s/ Joseph F. Bataillon
>    United States District Judge